IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

BENJAMIN C. PRICE,

   Petitioner,

  v.                CIVIL ACTION NO.: CV212-136

UNITED STATES OF AMERICA;
DEPARTMENT OF JUSTICE;
FEDERAL BUREAU OF PRISONS;
and ANTHONY HAYNES, Warden,

   Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Benjamin Price ("Price"), an inmate currently incarcerated at the Federal Correctional Facility in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondents filed a Motion to Dismiss, and Price filed a Response. For the following reasons, Respondents' Motion should be **GRANTED**.

## STATEMENT OF THE FACTS

Price was convicted, after a jury trial, in the Northern District of Indiana of being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) ("ACCA"). The district court sentenced Price to 250 months' imprisonment. Price filed a direct appeal, and the Seventh Circuit Court of Appeals affirmed Price's conviction and sentence. United States v. Price, 520 F.3d 753 (7th Cir. 2008).

Price then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In that motion, Price asserted that he was denied his constitutional right to counsel during a critical stage of his trial. Price also asserted that he should not have been sentenced as an armed career criminal because one of his prior convictions did not qualify as a violent felony under the ACCA. Price cited <u>Begay v. United States</u>, 553 U.S. 137 (2008), as support for his position that his Indiana state court conviction for criminal recklessness is not a violent felony. The trial court denied Price's motion, and the Seventh Circuit of Appeals affirmed the trial court's judgment. (Doc. No. 15-2, pp. 4-9).

Price asserts in this petition that his Indiana state conviction for reckless conduct does not qualify as a predicate offense for his conviction under the ACCA. Thus, Price contends, he is actually innocent of his conviction under the ACCA. (Doc. No. 1).

Respondents assert that Price does not meet the requirements of 28 U.S.C. § 2255's savings clause, and, accordingly, his petition should be dismissed. Respondent also asserts that Price's petition is a section 2255 motion, as he attacks the validity of his sentence.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; <u>Sawyer v. Holder</u>, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate

2

or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Price's action has been characterized as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Price asserts that he brings this action pursuant to 28 U.S.C. § 2255(e), which is the savings clause of section 2255 and which permits a prisoner to challenge his conviction and/or sentence pursuant to section 2241 in certain circumstances. Price states that section 2255 is inadequate or ineffective to challenge the legality of his sentence because the Seventh Circuit foreclosed his claim at the time he could have raised his assertion at trial, on appeal, or during his first section 2255 motion. (Doc. No. 1, p. 3).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three

3

courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case sub judice.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Price bases the claims set forth in his petition on the Supreme Court's decision in Begay. In Begay, the Supreme Court analyzed whether a conviction in New Mexico for driving under the influence is a violent felony within the meaning of clause (ii) of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii).[1] The Court held that "New Mexico's crime of 'driving under the influence' falls outside the scope of the Armed Career Criminal Act's clause (ii) 'violent felony' definition." Begay, 553 U.S. at 147. In determining whether a crime is a violent felony for purposes of the ACCA, the Supreme

---

[1] "[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that-- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]"

AO 72A
(Rev. 8/82)

Court "consider[ed] the offense generically, . . . [to] examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." Id. at 141. The trial court and the Seventh Circuit both found that Price was not entitled to his requested relief under Begay in his previously-filed section 2255 motion. (Doc. No. 15-2, pp. 4-9).

The Eleventh Circuit has had the occasion to determine whether Begay is retroactively applicable to cases on collateral review, i.e., not on direct appeal. In United States v. Coley, 336 F. App'x 933 (11th Cir. 2009), the petitioner challenged his 2003 career-offender status under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. The Eleventh Circuit approved of the trial court's characterization of the petitioner's *pro se* "Motion Pursuant to the Law of the Case Doctrine" as a section 2255 motion to set aside the petitioner's sentence. 336 F. App'x at 934. The district court granted the petitioner's certificate of appealability, which presented "the legal question" of "whether the Supreme Court's decision in Begay and our circuit's application of Begay . . . can apply retroactively during § 2255 proceedings." Id. at 935. The Eleventh Circuit determined that the petitioner's "status as a career offender is a non-constitutional issue that [he] could have raised on direct appeal" and that his claim "is not cognizable on collateral review under § 2255." Id. at 936. The Eleventh Circuit, in making this determination, noted that section 2255 cannot "do service for an appeal" because "'a non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment . . . unless the error (1) could not have been raised on direct appeal *and* (2) would, if condoned, result in a complete

5

miscarriage of justice.'" Id. at 935-36 (quoting Lynn v. United States, 365 F.3d 1225, 1232-33 (11th Cir. 2004) (emphasis in original).

Price also cites to recent United States Supreme Court decisions in Missouri v. Frye, ___ U.S. ___, 132 S. Ct. 1399 (Mar. 12, 2012), Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309 (Mar. 20, 2012), and Lafler v. Cooper, ___ U.S. ___, 132 S. Ct. 1376 (Mar. 21, 2012). However, all of these cases pertain to a state prisoner challenging the assistance of his trial counsel during his state court criminal prosecutions and are not applicable to the contentions in Price's petition. If Price wishes to challenge his Indiana state court conviction for reckless conduct, he may do so by contesting this conviction in the state courts of Indiana. To the extent Price asserts that his counsel during his section 2255 proceedings rendered ineffective assistance, such an assertion must fail. Franqui v. Florida, 638 F.3d 1368, 1374 n.9 (11th Cir. 2011) (citing Lawrence v. Florida, 549 U.S. 327 (2007), for the proposition that a petitioner in a federal habeas proceeding has no constitutional right to the effective assistance of counsel).

In addition, Price fails to present evidence that he was convicted of a non-existent offense, as the cases he cited do not de-criminalize the conduct for which he was convicted. Price has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Simply because Price's contentions were not sustained on previous occasions, this does not render § 2255 inadequate or ineffective to permit Price to proceed pursuant to section 2241. Because Price has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to

AO 72A
(Rev. 8/82)

argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Price cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Price is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Respondents' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Price's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 4th day of October, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)