IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

BENJAMIN C. PRICE,

   Petitioner,

  v.            CIVIL ACTION NO.: CV212-136

UNITED STATES OF AMERICA;
DEPARTMENT OF JUSTICE;
FEDERAL BUREAU OF PRISONS;
and ANTHONY HAYNES, Warden,

   Respondents.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Petitioner Benjamin Price ("Price") once again asserts that he was wrongfully sentenced under the Armed Career Criminal Act ("ACCA"). In support, Price cites Chaplin v. Hickey, 458 F. App'x 827 (11th Cir. 2012).

Even applying Chaplin, which stands for the proposition that a fundamental defect in sentencing permits a petitioner to proceed pursuant to 28 U.S.C. § 2241, Price is not entitled to his requested relief. The Honorable Philip Simon of the United States District Court for the Northern District of Indiana analyzed this claim (i.e., that Price was erroneously sentenced under the ACCA) in Price's 28 U.S.C. § 2255 motion. In particular, Judge Simon noted Plaintiff's 1996 conviction under IC § 35-42-2-2 for pointing a shotgun at a car and shooting at the car while a person was in the car. In

determining that this Indiana conviction qualified as a violent felony, Judge Smith reviewed the charging information and the transcript of Price's plea hearing and applied the facts from these documents to the statute under which Price was charged. Judge Simon found that Price's prior convictions, including this 1996 conviction, under Indiana state law for criminal recklessness, qualified as violent felonies for ACCA sentencing purposes. (Doc. No. 13-10, pp. 10-11). On appeal, the Seventh Circuit Court of Appeals agreed with Judge Simon's determination that Price's Indiana convictions were qualifying violent felonies for sentencing purposes under the ACCA and affirmed. Price v. United States, 434 F. App'x 550 (7th Cir. 2011).

If the undersigned were to analyze this claim anew, the result would be the same as that reached by Judge Simon and the Seventh Circuit. Price's prior convictions under Indiana state law for criminal recklessness are qualifying violent felonies, thus making the application of the ACCA proper.

Price's reliance on Sykes v. United States, ___ U.S. ___, 131 S. Ct. 2267 (June 9, 2011), is misplaced. The United States Supreme Court determined in Sykes that Sykes' conviction under Indiana law for flight from an officer by driving a vehicle qualified as a violent felony within the meaning of the ACCA. ___ U.S. at ___, 131 S. Ct. at 2274. The Supreme Court noted that Sykes' view that the Supreme Court's decisions in Begay v. United States, 553 U.S. 137 (2008), and Chambers v. United States, 555 U.S. 122 (2009), "require ACCA predicate[ offenses] to be purposeful, violent, and aggressive" "overreads the opinions of this Court." Id. at 2275. The Sykes decision does not stand for the proposition Price seems to wish it did.

AO 72A
(Rev. 8/82)

Price's Objections are **overruled**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Respondents' Motion to Dismiss is **GRANTED**. Price's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 31 day of October, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA